**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2616-16T4

RICARDO MORAN,

      Complainant-Appellant,

v.

TOWER MANAGEMENT
SERVICES,

      Respondent-Respondent.

_____

Submitted November 26, 2018 – Decided December 3, 2018

Before Judges Haas and Mitterhoff.

On appeal from the New Jersey Division on Civil Rights, Docket No. HB52WR-61415.

Ferro & Ferro, attorneys for appellant (Nancy C. Ferro, on the briefs).

Gordon, Rees, Scully & Mansukhani, LLP, attorneys for respondent Tower Management Services (Elizabeth F. Lorell and Jeffrey A. Kopco, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Division on Civil Rights (Jason

W. Rockwell, Assistant Attorney General, of counsel;
Megan J. Harris, Deputy Attorney General, on the
statement in lieu of brief).

PER CURIAM

Appellant Ricardo Moran appeals from the December 31, 2016 final determination of the Director of the Division on Civil Rights (Director), finding no probable cause to substantiate appellant's complaint that respondent Tower Management Services discriminated against him in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. For the reasons that follow, we vacate the Director's decision and remand for further proceedings.

The facts are not in dispute. Appellant receives Section 8 rental assistance.[1] In March 2010, appellant visited the Ivy Lane Apartments, which are managed by respondent, and inquired about renting a one-bedroom apartment. The monthly rent for this unit was $995, and appellant's Section 8 voucher would fully cover that amount. However, the rental agent told appellant

---

[1] The United States Department of Housing and Urban Development funds the Section 8 housing choice voucher program, which "provides financial assistance to eligible individuals so that they may rent privately owned housing." Pasquince v. Brighton Arms Apartments, 378 N.J. Super. 588, 591 n.8 (App. Div. 2005). The State Department of Community Affairs, Division of Housing and Community Services, administers the program in New Jersey. Ibid. "An individual deemed eligible for Section 8 housing assistance is issued a housing choice voucher which verifies eligibility for assistance and that money is being set aside to assist the individual with paying his or her rent." Ibid.

that respondent required all lessees to meet a minimum annual income requirement of $33,000 in order to lease a one-bedroom apartment. After combining his annual Section 8 rental assistance and Social Security benefits, the agent determined that appellant's income from all sources was only $20,940. Therefore, she advised appellant that he would not be able to rent the apartment. Based on this advice, appellant left the premises without filling out a lease application.

Appellant thereafter filed a complaint with the Director, alleging that respondent refused to rent an available apartment to him in violation of the LAD. In this regard, N.J.S.A. 10:5-12(g)(1) states that is unlawful for any person to refuse to rent property to a prospective tenant because of the "source of lawful income" they intend to use for the rent payments. This section is aimed at preventing landlords from refusing to rent to tenants who receive rental subsidies through the Section 8 program or through other government programs designed to assist low-income persons to obtain housing. Franklin Tower One v. N.M. 157 N.J. 602, 618 (1999).

In its answering papers, respondent asserted that the Supreme Court recognized in Franklin Tower "that a landlord approached by a prospective tenant eligible for Section 8 assistance has the full right to screen and review the

tenant's references, background, employment and rental history to verify that the tenant is otherwise qualified to reside in the landlord's building." Id. at 622 (citing 42 U.S.C. § 1437f(d)(1)(A); 24 C.F.R. § 982.307). It is also well established that a landlord may review the tenant's creditworthiness even if the tenant receives Section 8 assistance. Pasquince, 378 N.J. Super. at 595. Thus, respondent argued that its minimum income policy was necessary in order to enable it to determine whether the tenant could actually afford to live in the apartment even with the help of a subsidy.

Respondent also provided documentation showing that it rented units to other Section 8 recipients who met its minimum annual income requirement. In response, appellant argued that respondent's income policy had a discriminatory impact on individuals who pay their rent using government subsidies, and that the requirement had little or no relationship to the ability of Section 8 subsidy holders to afford the rents for respondent's apartments.

In his written decision, the Director found that appellant failed to demonstrate probable cause to credit his allegations of discrimination because he "never applied for the one-bedroom apartment" and, as a result, "there can be no finding that the application was wrongfully denied." The Director also stated "there is nothing in this record indicating that [appellant's] Section 8 status

4

improperly influenced [r]espondent's analysis of his eligibility" because respondent applied the income requirement to all prospective tenants.

The Director did not address the possible discriminatory impact respondent's income requirement might have on Section 8 recipients. However, after appellant submitted his brief in this appeal, the Director filed a motion to remand the matter to him for reconsideration and additional analysis of that issue. Another panel of this court denied the motion.

Having now had the benefit of all of the parties' briefs, we conclude that a remand is warranted to enable the Director to address, in the first instance, appellant's argument that respondent's minimum income policy has a discriminatory impact on individuals and families who use Section 8 subsidies. As the administrative agency charged with the enforcement of New Jersey's anti-discrimination laws, see N.J.S.A. 10A:5-6, the Division on Civil Rights has the authority and experience necessary to more fully investigate appellant's claim and determine the presence or absence of a violation of the LAD. Terry v. Mercer Cnty. Bd. of Chosen Freeholders, 86 N.J. 141, 157 (1981) (noting the "unique discretion and expertise" of the Director to effectuate the policies underlying the LAD). Therefore, a remand is clearly appropriate under the unique circumstances of this case.

5

In remanding this matter for further analysis by the Director, we make clear that nothing within this opinion forecasts any views on the merits of appellant's arguments nor on the question of which party may be entitled to prevail after a fuller record is developed. We say no more than that without additional analysis by the Director, the issues presented are not fully ripe for decision.

Therefore, we vacate the Director's December 31, 2016 finding of no probable cause, and remand the matter to the Director for further proceedings. Any party aggrieved by the Director's final decision following the remand may thereafter file a timely new appeal with this court.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2616-16T4